**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CASE NO.:

**LEE ECKROTH,**

    **Plaintiff,**

**v.**

**AMALIE OIL COMPANY, A Florida Profit Corporation,**

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1. Plaintiff, LEE ECKROTH ("Mr. Eckroth" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

**JURISDICTION**

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

**PARTIES**

3. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Hillsborough County, Florida.

4. Plaintiff worked for Defendant in Hillsborough County, Florida, and the venue, therefore, for this case is the Tampa Division of the Middle District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

**FACTUAL ALLEGATIONS**

5. Mr. Eckroth worked for Defendant as a Machine Operator from November 8, 2016, until his termination on January 3, 2019.

6. Unfortunately, on December 26, 2018, Mr. Eckroth began to suffer extreme pain in his abdomen and was unable to work his scheduled shift for Defendant.

7. As a result, Mr. Eckroth called Supervisor, Dustin Clark ("Mr. Clark"), and informed him of his condition and inability to work from December 26, 2018, until December 28, 2018.

8. As such, Mr. Eckroth rested at home, hoping that his condition would improve by the time he was slated to return to work after the new year holiday on January 2, 2019.

9. Unfortunately, on January 2, 2019, Mr. Eckroth woke up once more experiencing extreme pain in his abdominal area.

10. Unable to bear his condition, Mr. Eckroth went to the hospital for treatment where he was diagnosed with pancreatitis.

11. Mr. Eckroth's pancreatitis caused him extreme abdominal pain, nausea, and vomiting, rendering him unable to work.

12. Accordingly, Mr. Eckroth called Mr. Clark, and informed him that he was going to be hospitalized and under treatment for the next few days.

13. Pursuant to the FMLA, Mr. Eckroth timely notified Defendant's managers of his medical situation and FMLA protected request for time away from work.

14. Despite this, Mr. Clark neglected to advise Mr. Eckroth of his rights under FMLA or provide him with FMLA documentation to protect his absence at that time, or continued anticipated absences, thereafter.

15. This failure alone is tantamount to actionable interference under the FMLA. *See Patterson v. Browning's Pharm. & Healthcare, Inc.*, 961 So. 2d 982, 986 (Fla. 5th DCA 2007).

16. Shockingly, the very next day, Mr. Clark called Mr. Eckroth and advised him that he was fired, effective immediately.

17. When Mr. Eckroth informed Mr. Clark that he was still in the hospital for his medical emergency, Mr. Clark abruptly terminated the call without any further explanation.

18. This termination, while Mr. Eckroth was on what should have been protected FMLA leave, is a violation of the FMLA.

7. Based on the foregoing, Plaintiff was not returned to the same, or substantially similar/equivalent position upon what would have been his return from FMLA leave.

8. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

9. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights, and retaliated against him for utilizing what should have been proper and authorized FMLA leave.

10. Moreover, because Defendant acted with intent to interfere with, and otherwise retaliate against Plaintiff for him for his use of what should have been protected FMLA leave, Defendant's actions likewise constitute FMLA retaliation.

11. The timing of Plaintiff's use of what should have been protected FMLA leave, and Defendant's termination of his employment, demonstrates a causal connection between what should have been his protected FMLA leave and these illegal actions taken by Defendant against him.

12. Defendant's reason for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation.

13. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for his use of FMLA protected leave.

14. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

15. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-14, above.

16. At all times relevant hereto, Plaintiff was protected by the FMLA.

17. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise his FMLA rights.

18. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

19. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

20. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

21. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-14, above.

22. At all times relevant hereto, Plaintiff was protected by the FMLA.

23. At all times relevant hereto, Defendant retaliated against Plaintiff by firing him for his attempted use and/or use of what should have been, FMLA protected leave.

24. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

25. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised his rights to take approved leave pursuant to the FMLA.

26. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

27. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated this 29th day of August 2019.

Respectfully Submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esquire
Florida Bar No. 0085476
Richard Guadagnolo, Esq.
Florida Bar No. 109104
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
Email:
noah@floridaovertimelawyer.com
rich@floridaovertimelawyer.com